# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>                     Plaintiff,<br><br>v.<br><br>7-ELEVEN, INC.,<br><br>                     Defendant. | Case No.: 3:25-cv-00637-TWR-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL**<br><br>**[ECF No. 30]** |

Before the Court is Plaintiff Fernando Gastelum's ("Plaintiff") Motion for Recusal. ECF No. 30. The Court finds the matter suitable for submission without oral argument pursuant to CivLR 7.1(d)(1).

**I.     BACKGROUND**

In his motion, Plaintiff requests that the undersigned recuse from the instant case. ECF No. 30 at 3. Plaintiff seeks this Court's recusal because the undersigned is biased regarding the merits of the case due to a "vendetta against Mr. Strojnik" and, thus, the undersigned is "personally invested in this matter." *Id*. Specifically, Plaintiff contends that there is a "personal animosity between Mr. Strojnik and" the undersigned, due to Mr. Strojnik's conduct in a previous matter. *Id*.; *see id*. at 3 n.2 ("Something about

Mr. Strojnik telling Magistrate Goddard that he cannot teleport from the middle of the Atlantic Ocean to a courtroom in San Diego, or something like that"). Plaintiff argues that the undersigned is "using this proceeding to wage battle against him[,]" instead of focusing on the Americans with Disabilities Act ("ADA") claims set forth in Plaintiff's complaint. *Id.* at 3. Plaintiff disagrees with the undersigned's Order to Show Cause and its requirement that Plaintiff submit supplemental briefing "verify[ing] that he asked Mr. Strojnik to take down the video at issue, and the date and the manner in which Plaintiff did so." *Id.*; ECF No. 29 at 2.

## II. LEGAL STANDARD

A judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned" or where "[s]he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a)–(b)(1); *see generally Liteky v. United States*, 510 U.S. 540 (1994) (discussing 28 U.S.C. § 144). Under the two recusal statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455, the substantive question is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam)). A "reasonable person" is defined as a "well-informed, thoughtful observer," as opposed to a "hypersensitive or unduly suspicious person." *Clemens v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotations and citation omitted). "Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar nonfactual matters" are not enough to require recusal. *Id.* (citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1993)).

"A motion under section 455 [or 144] is addressed to, and must be decided by, the very judge whose impartiality is being questioned." *Spencer v. Jasso*, No. 20cv909-ADA-GSA-PC, 2023 WL 5021774, at *2 (E.D. Cal. Aug. 7, 2023) (citing *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994)); *see United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("We have held repeatedly that the challenged judge himself should rule on the legal

sufficiency of a recusal motion in the first instance"). "Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are [a litigant's] unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Raiser v. San Diego County*, No. 19cv751-GPC-KSC, 2021 U.S. Dist. LEXIS 6791, at *3 (S.D. Cal. Jan. 13, 2021) (quoting *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985)). Section 455(a) is also "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008); *see Ryan v. County of Imperial*, No. 21cv1076-JO-LR, 2022 WL 17744075, at *2 (S.D. Cal. Dec. 7, 2022).

### III. DISCUSSION

Plaintiff's arguments reflect a confusion about the distinctions between the duties of the assigned magistrate judge and district judge in this matter, and other arguments reflect a frustration with the process and a misunderstanding of the instant Order to Show Cause. The Court will address these in turn.

#### A. Distinction between Magistrate Judges and District Judges

A magistrate judge has the authority to "hear and determine" nondispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013). A dispositive matter impacts the "ultimate relief sought," i.e., the merits of the case. *See CMKM Diamonds*, 729 F.3d at 1260 ("where the denial of a motion [] is effectively a denial of the ultimate relief sought, such a motion is considered dispositive, and a magistrate judge lacks the authority to 'determine' the matter"). Section 636, and this district's corresponding Civil Local Rule 72.1, specifically enumerate eight different types of matters to be treated as dispositive, including motions to dismiss for failure to state a claim and motions for summary judgment. *See* 28 U.S.C. § 636(b)(1)(A); *see also* CivLR 72.1(b)–(c) (same). Other matters, such as those that fall

outside of those expressly enumerated matters may also be considered dispositive. *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068 (9th Cir. 2004) ("we must look to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive") (internal quotation marks omitted). Thus, magistrate judges may have candid discussions with the parties because they do not make any decisions on the merits of the case.

In addition to determining only nondispositive matters, magistrate judges in this district also conduct settlement conferences. CivLR 16.3(a) ("In each civil action, a mandatory settlement conference must be scheduled before the assigned magistrate judge"); CivLR 16.1(c) ("At the ENE conference, the judge and the parties will discuss the claims and defenses and seek to settle the case"). The settlement conferences are "off the record, privileged and confidential." CivLR 16.3(h); *see* CivLR 16.1(c)(1)(b) ("The ENE conference will be informal, off the record, privileged, and confidential."). The local rules also state that "[t]he judge conducting the settlement conference will be disqualified from trying the case unless there is an agreement by all the parties to waive this restriction." CivLR 16.3(c). As such, because the magistrate judge does not determine dispositive matters and will not try the case, the magistrate judge is able to have confidential communications in the context of settlement regarding the value and merits of the parties' claims.

Here, in the instant motion, Plaintiff's argument that the undersigned's focus on the conduct at the meet and confer, which was ordered in furtherance of the Early Neutral Evaluation Conference, instead of "determin[ing] whether or not 7-Eleven violated Plaintiff's disability rights," shows bias is inapplicable. ECF No. 30 at 3. As discussed above, the division between district judges and magistrate judges exists so that such conflicts or bias do not arise—i.e., the magistrate judge can give the parties her candid assessment of the case in confidence, in order to foster a settlement, because her assessment is not binding and is never relayed to the district judge. Further, due to this division between district judges and magistrate judges, the pending Order to Show Cause is precisely what

the undersigned *should* be focusing on instead of the merits; maintaining the confidentiality of settlement proceedings is paramount. *See cf. Ewing v. Aliera Healthcare*, No. 19cv845-CAB-LL, 2019 U.S. Dist. LEXIS 128071, at *4–*5 (S.D. Cal. July 31, 2019) (denying recusal motion when plaintiff alleged, among other things, that the court displayed bias when it permitted certain people to attend the ENE while excluding others, noting that the court "exercised her discretion to exclude the woman who accompanied Plaintiff at the ENE conference who Plaintiff claimed is his assistant because she is not a party to the litigation nor an attorney representing her client").

### B.     Plaintiff's Allegation that there are Implications on the Merits of the Case due to a Purported Vendetta Against a Non-Party

Plaintiff asserts that the undersigned is utilizing the instant proceeding to act on an animosity toward Mr. Strojnik, in lieu of focusing on the merits of the ADA claims. ECF No. 30 at 3 (asserting that the undersigned is "using [Plaintiff] as a pawn in her vendetta against Mr. Strojnik"). First, as explained above, the undersigned does not make any decisions on the merits of this case. Second, the Court holds no animosity toward Mr. Strojnik and assures Plaintiff that his case is not being used for any crusade. The undersigned's prior order of sanctions against Mr. Strojnik in a previous case[1] does not create a bias in the instant case. *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 555–56 (1994) (affirming denial of disqualification, explaining that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"); *United States v. Johnson*, 610 F.3d 1138, 1147–48 (9th Cir. 2010) (affirming denial of recusal motion when judge had dismissed prior civil case, ordered sanctions

---

[1] *See* ECF No. 115, *Strojnik v. Evans Hotels, LLC*, No. 19cv650-BAS-AHG (S.D. Cal. May 15, 2020) (ordering sanctions in the amount of $759.20 against Mr. Strojnik for failure to appear at an Early Neutral Evaluation Conference).

against the attorney, and referred the matter to the U.S. Attorney's Office, explaining that "[a]dverse findings do not equate to bias"); *Eb-Bran Prods. v. Ritchie*, No. 06-11564, 2006 WL 1662629, at *2 (E.D. Mich. June 12, 2006) (denying recusal motion when court had sanctioned plaintiff and plaintiff's attorney in previous case, explaining that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *see cf. Young v. Univ. of Hawai'i*, No. 20-cv-231-DKW-RT, 2020 U.S. Dist. LEXIS 144067, at *9 (D. Haw. Aug. 11, 2020) (denying recusal motion when court had previously admonished plaintiff for his failure to follow local rules); *United States v. Morris*, 988 F.2d 1335, 1337 (4th Cir. 1993) ("the source of the appearance of partiality must arise from some source other than the judge's previous involvement with cases that concerned the parties or witnesses in the present case").

Third, and most importantly, the Court reiterates that Mr. Strojnik has no proper role in this case. The pending Order to Show Cause is directed at Plaintiff, not Mr. Strojnik. *See* ECF No. 13. The Court reiterates that "**Plaintiff** must show cause why **he** should not be sanctioned" for consenting to the publication of a video of a confidential proceeding and "representing to the Court that he is acting *in propria persona* when it appears that he is in fact being represented by Mr. Strojnik." *Id.* at 3 (emphasis added); *see* ECF No. 31 at 29 (Plaintiff admitted that he never asked Mr. Strojnik to take down the video upon receiving the Order to Show Cause); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* filings held to "less stringent standards than formal pleadings drafted by lawyers"). Any sanctions issued pursuant to the Order to Show Cause will be directed at Plaintiff for his own actions, not at Mr. Strojnik. *See cf. Raiser*, 2021 U.S. Dist. LEXIS 6791, at *3 (denying recusal motion because "the Court's prior rulings that plaintiff considers unfair or unfavorable to him are not a valid basis to disqualify a judge from a case.").

## IV. CONCLUSION

The Court finds that Plaintiff has failed to show any adequate basis for recusal. As such, and in light of the facts and evidence presented, no reasonable person would question this Court's impartiality. Because "a judge has as strong a duty to sit when there is no

legitimate reason to recuse as he does to recuse when the law and facts require[,]" the undersigned declines to recuse in this matter. *Clemens*, 428 F.3d at 1179 (internal quotation marks omitted).

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for recusal. ECF No. 30. *See United States v. Hinkman*, No. 04-cr-127-S-RCT, 2005 U.S. Dist. LEXIS 58969, at *24 (D. Idaho Apr. 22, 2005) ("it has long been established that a party cannot force a judge to recuse h[er]self by engaging in personal attacks on the judge: Nor can that artifice prevail, which insinuates that the decision of this court will be the effect of personal resentment; for, if it could, every man could evade the punishment due to his offenses, by first pouring a torrent of abuse upon his judges, and then asserting that they act from passion.") (citing *Standing Committee on Discipline v. Yagman*, 55 F.3d 1430, 1443–44 (9th Cir. 1995)).

**IT IS SO ORDERED.**

Dated:  August 19, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge